USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-18-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUN LI, et al.,

        **Plaintiffs,**

   - against -

QIU JIAN LIN, et al.,

        **Defendants.**

**OPINION & ORDER**

**10 Civ. 8454 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, former employees of Defendants, filed this suit on November 9, 2010, alleging violations of the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §§ 203, 207 et seq., and its implementing regulations, as well as New York state labor law. Plaintiffs now move for preliminary certification of the case as a collective action under 29 U.S.C. § 216(b). They also seek contact information for Defendants' current and former employees. For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

## II. BACKGROUND

Plaintiffs Jun Li and Jian Hua Zhang both worked as delivery people for Defendants at their restaurant. (Decl. of Jun Li ("Li Decl.") at ¶ 1; Decl. of Jian Hua Zhang ("Zhang Decl.") at ¶ 1.) Li has testified that he was paid a fixed monthly salary of $1300, for 66 hours of work each week, and was not paid overtime. (Li Decl. at ¶¶ 2-4.) Zhang has testified that he was paid at a rate below the minimum wage. (Zhang Decl. at 2.) Both Plaintiffs assert that they observed other employees working more than forty hours per week without receiving the overtime pay mandated by FLSA. (Li Decl. at ¶ 5; Zhang Decl. at ¶ 5.)

### III. DISCUSSION

### A. Standard for Collective Action Certification and Notice

Section 216(b) provides, in pertinent part:

An action to recover [ ] liability [for violation of § 207 of the FLSA] may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. 29 U.S.C. § 216(b).

Therefore, "to be bound by the judgment" or "benefit from it," potential plaintiffs must "opt-in" to an FLSA collective action, and only by "opting-in" can potential plaintiffs' claims be tolled. *Hoffmann v. Sbarro*, 982 F.Supp. 249, 260 (S.D.N.Y.1997). A district court has the power to direct that notice be sent to potential class members under § 216(b) of the Act, and notice at an early stage of litigation is appropriate to further the FLSA's broad remedial goals and to promote efficient case management. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 169-171 (1989); *Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir.1978) (notification of putative plaintiffs "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits").

In addition, the strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA collective actions, and thus, no showing of numerosity, typicality, commonality, and representativeness is required. *Hoffman*, 982 F.Supp. at 263. Instead, the only threshold requirement plaintiffs must meet is to demonstrate that potential class members are "similarly situated." *Id.* at 261. While the FLSA does not define the term "similarly situated," plaintiffs need only satisfy the requirement "by making a modest factual showing sufficient to

2

demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 261. Plaintiffs' burden is relatively light, considering the determination of whether potential plaintiffs are "similarly situated" is merely preliminary. *Id.* at 261.

Accordingly, substantial allegations by plaintiffs that defendants' actions violated the FLSA, as well as an admission by defendants that such actions reflect a company wide policy, sufficiently demonstrate a factual nexus between plaintiffs' situation and other potential class members, and therefore, will support a finding that plaintiffs and class members are similarly situated for purposes of sending an FLSA notice. *Id.* at 261-62. Additionally, "the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of "similarly situated" plaintiffs can exist." *Id.* at 262. After discovery, defendant may move to de-certify the class if discovery reveals that plaintiffs are not similarly situated. *Toure v. Cent. Parking Sys. of N.Y.*, 05 Civ. 5237, 2007 WL 2872455, at *3 (S.D.N.Y. Sept. 28, 2007).

### B. Plaintiffs Have Shown That a Group of Similarly Situated Potential Plaintiffs Exists

Here, Plaintiffs seek to certify a class of non-exempt persons employed by Defendants as tipped employees within the last three years ("covered employees"). In addition to the allegations in the Complaint that there was a common scheme of failing to provide employees with a tip credit notice, Plaintiffs offer affidavits from the two current Plaintiffs asserting that other employees at Defendants' restaurant worked more than forty hours per week and were not given overtime pay. (Li Decl. at ¶ 5; Zhang Decl. at ¶ 5.) At this preliminary stage, this is sufficient evidence that a group of similarly situated plaintiffs exists. *See, e.g., Pefanis v. Westway Diner*, 08 Civ. 002, 2008 WL 4546526, at *1 (S.D.N.Y. Oct. 08, 2008) (relying on complaint and assertions by single plaintiff as sufficient to establish a group of similarly situated

employees); *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 WL 7142139, at *3 (S.D.N.Y. Aug. 09, 2007) (finding statements of plaintiff and one other employee along with allegations in complaint sufficient evidence for 216(b) certification). Defendants' arguments against collective action certification are based primarily on the merits of the case, which, as indicated above do not bar a finding that a group of similarly situated plaintiffs exists. The Court has reviewed the Plaintiffs' proposed form of notice and finds it to be accurate and informative. Accordingly, Plaintiffs' motion for preliminary collective action certification under 29 U.S.C. § 216(b) is **GRANTED**, and the proposed form of notice is approved.

### C. Plaintiffs Are Entitled to the Names and Last-Known Addresses of Covered Employees

Plaintiffs seek to obtain from Defendants a computer-readable list of the names, addresses, telephone numbers, and Social Security numbers of all potential class members. They assert that discovery of Social Security numbers is necessary because, "[b]ased on Plaintiffs' counsel's belief, a large percentage of consent forms are typically returned as undeliverable, and the only way to locate these employees is to perform a search by Social Security number." (Mem. of Law in Supp. of Pls.' Mot. at 13.) This Court agrees with Defendants that discovery of covered employees' Social Security numbers is not warranted at this point in the litigation. *See, e.g., Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009); *Chowdhury v. Duane Reade, Inc.*, 06 Civ. 2295, 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007). If Plaintiffs' counsel's "belief" is borne out and a large percentage of consent forms are returned as undeliverable, Plaintiffs may renew their application for discovery of Social Security numbers.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for conditional collective action certification is **GRANTED** and the proposed form of notice is approved. Defendants are ordered to provide Plaintiffs with a computer-readable list of the names and addresses of the covered employees.

SO ORDERED this 18th day of July 2011
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge